21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Plaintiff, Appellee,
v.
Mauricio Carrera NOVOA, Defendant, Appellant.
 No. 93-1780
 United States Court of Appeals, First Circuit.
 April 21, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Mark L. Wolf, U.S. District Judge ]
 George Garfinkle with whom Richard N. Ivker was on brief for appellant.
 William F. Sinnott, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 In this appeal, defendant-appellant Mauricio Carrera Novoa, a/k/a John Pimental and Jose Pimental, challenges his conviction for one count of possession of cocaine with intent to distribute, see 21 U.S.C. Sec. 841(a)(1), and the sentence of incarceration imposed therefor. After carefully considering defendant's arguments, we affirm.
 
 
 2
 In asserting that his conviction should be reversed or, in the alternative, that he should be resentenced, defendant makes five arguments. None requires extensive discussion.
 
 
 3
 1. Defendant first contends that the district court erred in finding that the arresting agents had probable cause to search the gym bag from which the cocaine was seized. We do not agree with this contention.
 
 
 4
 The court supportably found that the arresting agents, in conducting their initial surveillance, were relying upon trustworthy information from three confidential informants indicating, inter alia, that (i) an individual, one of whose aliases was Jose Louis Pimental, ran a large-scale cocaine ring from an apartment at 131 Coolidge Avenue in Watertown, Massachusetts; (ii) Pimental's brother, the defendant here, typically removed the drugs from this apartment for transportation elsewhere; (iii) that defendant John/Jose was known to operate a gray Mitsubishi; and (iv) that a multi- kilogram shipment of cocaine was expected to arrive at this apartment prior to March 25, 1992.
 
 
 5
 The court also supportably found that, on the morning of March 25, 1992, one or more of the surveilling agents observed, inter alia, (a) a gray Mitsubishi, which was registered to a Jose Pimental, drive into the garage at 131 Coolidge Avenue; (b) defendant exit the car and walk toward the building's elevators; and (c) defendant return a short time later carrying a bag which appeared to be quite heavy and bulky (and which, in the estimation of the experienced arresting agents, had an appearance consistent with a method of transporting large quantities of drugs). In our view, these findings are more than sufficient to sustain the district court's determinations, in light of the totality-of-the- circumstances, see United States v. Torres-Maldonado, 14 F.3d 95, 105 (1st Cir. 1994), that probable cause existed both to arrest defendant for possession of contraband, see United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987) (probable cause to arrest attaches when the facts and circumstances within the knowledge of police officers and of which they have trustworthy information are " 'sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense' ") (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)), and to remove the bag from the Mitsubishi's trunk and search it, see Illinois v. Gates, 462 U.S. 213, 238 (1983) (probable cause to search attaches when there is "a fair probability that contraband or evidence of a crime will be found in a particular place"); see also California v. Acevedo, 111 S. Ct. 1982, 1991 (1991) (police officers may search any container within an automobile without a warrant so long as they have probable cause to believe the container contains contraband).
 
 
 6
 Accordingly, the court did not err in denying defendant's motion to suppress.[1]
 
 
 7
 2. Defendant next argues that the district court abused its discretion in allowing the government to introduce evidence against him relating to the warrant-authorized search of Apartment # 624 at 131 Coolidge Avenue on the same day of his arrest. In so doing, he contends (1) that the evidence was not relevant; and (2) in the alternative, that its probative value was substantially outweighed by its prejudicial effect upon the jury. We reject these claims as well.
 
 
 8
 The district court determined that the contested evidence-the fact that defendant possessed a key to Apartment # 624 at the time of his arrest; the fact that eight kilograms of cocaine seized from the apartment were packaged in the same distinctive manner as the twelve kilograms seized from defendant's bag; and the fact that defendant's brother's bank statement, a ledger, and approximately $18,600 were found in the apartment-was evidence of a drug trafficking operation of which the cocaine seized from defendant's bag was a part. The court further determined that this evidence was relevant to, inter alia, the contested issue of defendant's intent in possessing the cocaine. These determinations were well within the court's discretion. See United States v. Sepulveda, 15 F.3d 1161, 1193 (1st Cir. 1993).[2]
 
 
 9
 The district court, after engaging in the proper balancing process, also concluded that the probative value of this evidence was not substantially outweighed by a danger that it might cause unfair prejudice. See Fed. R. Evid. 403. Defendant provides no specific argument (other than his general complaint that the court erred in so concluding) that this conclusion was erroneous. Nor does our review of the record reveal a legitimate basis for any such argument. Thus, the court's ruling in this regard must be affirmed. See Pinkham v. Burgess, 933 F.2d 1066, 1071 (1st Cir. 1991) (noting the extraordinarily broad discretion we afford a trial court's on- the-spot judgment as to whether the probative value of certain relevant evidence is substantially outweighed by the danger of unfair prejudice).
 
 
 10
 Accordingly, the court did not err in admitting the aforementioned evidence against defendant.
 
 
 11
 3. Defendant's third argument-similar to his second-is that the district court abused its discretion in allowing the government to introduce evidence concerning defendant's prior drug-related arrest and conviction. Defendant contends that this evidence only was introduced to show his propensity to commit a crime, in violation of Fed. R. Evid. 404(b). Once more, we are not persuaded.
 
 
 12
 As we have said, intent was a contested issue in this case. Indeed, it appears that challenging the government to prove intent beyond a reasonable doubt was one of the primary trial strategies engaged in by defendant. In light of this fact, there is no basis for us to disturb the court's finding that the evidence of the conviction was admissible to prove intent under Rule 404(b). See United States v. Rivera-Sola, 713 F.2d 866, 871 (1st Cir. 1983) (defendant's attorney's statements and cross-examination, designed to contest the issue of intent, provided proper basis for the introduction of Rule 404(b) evidence to prove intent); cf. United States v. Karas, 950 F.2d 31, 37 (1st Cir. 1991) (defendant's attorney's opening statement alone is insufficient basis for admitting Rule 404(b) evidence).
 
 
 13
 After conducting the balancing analysis prescribed by Rule 403, the district court also concluded that the probative value of this evidence was not substantially outweighed by its potential for unfair prejudice. Once again, defendant has not presented us with any specific argument that the court erred in so concluding. And once again, our review reveals no legitimate basis for such an argument. See Pinkham, 933 F.2d at 1071.
 
 
 14
 Accordingly, it was not error to admit the aforementioned evidence against defendant.
 
 
 15
 4. Defendant next argues that the court committed clear error, see United States v. Bradley, 917 F.2d 601, 605 (1st Cir. 1990), in determining, by a preponderance of the evidence, see United States v. Valencia-Lucena, 988 F.2d 228, 232 (1st Cir. 1993), that the eight kilograms of cocaine seized from Apartment # 624 were, for sentencing purposes, part of the same scheme or plan as the twelve kilograms seized from defendant's bag. Our review of the record, however, reveals no error in this determination. The same evidence which linked defendant to the apartment and which made these eight kilograms of cocaine admissible against him at trial provides a more than sufficient basis to support the challenged sentencing finding.
 
 
 16
 Accordingly, the court did not err in taking this evidence into account at sentencing.
 
 
 17
 5. Finally, defendant asserts that the court erred in allowing his prior drug-related conviction to be used to enhance his sentence. His argument is two-fold: (1) that his conviction was not "final" for purposes of 21 U.S.C. Sec. 841(b)(1)(A)[3] because, although he pleaded guilty to the offense, he failed to appear at sentencing for that offense; and (2) that his conviction was constitutionally defective. The problem with this argument is that the district court did not use the prior conviction to enhance defendant's sentence; instead, the sentencing transcript reveals beyond question that the district court sentenced defendant to 246 months under the 210-262 month range made applicable by the United States Sentencing Guidelines. The district court's subsequent finding that defendant's conviction was final for purposes of Sec. 841(b)(1)(A) was patently superfluous, did not influence the sentence, and was made solely to protect the interests of the United States in the event the sentence imposed somehow was otherwise unlawful (which it is not). Accordingly, all questions regarding the finality and constitutionality of defendant's prior conviction are immaterial to this appeal.
 
 
 18
 Affirmed.
 
 
 19
 1. In so ruling, we obviously reject defendant's contention that the arresting agents' relative lack of knowledge regarding (1) defendant's physical description, and (2) the exact time the narcotics would be taken from the apartment, deprived them of probable cause to arrest and search.
 
 
 20
 2. Defendant also argues that because he lacked standing to contest the search of the apartment on Fourth Amendment grounds, the government should be required "to meet an extraordinary burden in its showing of relevance." Without in any way endorsing defendant's dubious proposition, we note that, in our view, the contested evidence was extremely relevant and was therefore, under any putative relevance standard, properly admitted.
 
 
 21
 3. In pertinent part, Sec. 841(b)(1)(A) states:
 
 
 22
 If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment....